IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY S. JAMESON,

    Petitioner,                            No. 1:07-CV-00078 ALA HC

    vs.

JAMES A. YATES, Warden,                 <u>ORDER</u>

    Respondent.
_____/

Barry S. Jameson ("Petitioner"), a state prisoner proceeding *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). (*Jameson v. Yates*, No. 1:07-cv-00078 ALA HC, Doc. 1). Respondent filed a motion to dismiss on May 25, 2007 (Doc.13), to which Petitioner filed a reply on June 6, 2007 (Doc. 15). Respondent filed an answer on January 23, 2008. (Doc. 26). Petitioner filed a traverse on February 15, 2008 (Doc. 30), and a supplemental brief on April 18, 2008 (Doc. 32). Respondent filed a reply to Petitioner's traverse on April 25, 2008 (Doc. 33), to which Petitioner filed a response on May 12, 2008 (Doc. 34). For the reasons set forth below, Respondent's motion to dismiss is granted.

**I**

Petitioner is currently in the custody of the California Department of Corrections ("CDC") pursuant to a judgment of the Superior Court of California, County of Los Angeles,

1

following his conviction by jury trial on April 27, 1984, of murder in the second degree in violation of Cal. Penal Code § 187. (Pet'r's Ex. A). On June 14, 1984, Petitioner was sentenced to a term of fifteen years to life, plus two years, for a total of seventeen years to life imprisonment. (*Id.*)

On October 24, 2004, Petitioner filed an application for habeas corpus relief in the Marin County Superior Court, after exhausting administrative appeals for his claim. (*Jameson v. Woodford,* No. 1:06-cv-00014-AWI-LJO, Doc. 9, Ex. 5). The case was transferred to the Los Angeles County Superior Court. (*Id.*) The court denied the application in a reasoned decision on July 24, 2005. (*Id.*) The court explained that Petitioner "received an indeterminate term of imprisonment with a minimum of seventeen years and a maximum of *life* [and that he] should expect to serve the maximum term unless and until the [Parole] Board acts to set a lesser term." (*Id.*) Prior to the superior court's decision, Petitioner filed an application for writ of habeas corpus in the California Supreme Court on November 5, 2004 (*Id.* Ex. 6), which it summarily denied on September 21, 2005, after the trial court's decision. (*Id.* Ex. 7).

On January 6, 2006, Petitioner filed an application for a writ of habeas corpus in this Court, pursuant to § 2254(a). (*See Id.*, Doc. 1). On May 30, 2007, this Court entered its judgment denying Petitioner's application. (*Id.* Docs. 20, 21). Petitioner appealed from the denial of his application. (*Id.* Doc. 24). Prior to this Court's ruling on his first application, Petitioner filed a second application and, a memorandum of points and authorities is support thereof, on January 5, 2007. (*Yates*, Doc. 1). The Court will construe his second application as an amendment of his first application. *See Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (holding that, since a *pro se* habeas petitioner's pleadings must be liberally construed, an application for a writ of habeas corpus is not successive when that application would have been filed as an amendment to a pending application if the petitioner had been represented by counsel; and that the district court must construe such an application as a motion to amend the prior application).

## II

### A

Petitioner's application must be reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which applies to all federal habeas applications filed after April 24, 1996. *Lockyer v. Andrade*, 538 U.S. 63, 70 (2003). Under AEDPA, an application for habeas corpus relief "shall not be granted with respect to any claim that was adjudicated on the merits" in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved in an unreasonable application of United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996).

### B

Petitioner does not challenge his conviction or any specific parole proceeding. Rather, he argues that the state created a federally protected liberty interest in his release from prison because he was never scheduled for a "serious offender hearing"[1] as required by California Penal Code § 1170.2.[2] (Doc. 1). He asserts that since his sentence has expired, the CDC's refusal to

---

[1] Petitioner alternately refers to a "serious offender hearing" as an "extended term hearing" throughout his application.

[2] Cal. Penal Code § 1170.2. State prison inmates sentenced prior to July 1, 1977

> (a) In the case of any inmate who committed a felony prior to July 1, 1977, who would have been sentenced under Section 1170 if he or she had committed it after July 1, 1977, the Board of Prison Terms shall determine what the length of time of

3

imprisonment would have been under Section 1170 without consideration of good-time credit and utilizing the middle term of the offense bearing the longest term of imprisonment of which the prisoner was convicted increased by any enhancements justified by matters found to be true and which were imposed by the court at the time of sentencing for such felony. These matters include: being armed with a deadly or dangerous weapon as specified in Section 211a, 460, 3024, or 12022 prior to July 1, 1977, which may result in a one-year enhancement pursuant to the provisions of Section 12022; using a firearm as specified in Section 12022.5 prior to July 1, 1977, which may result in a two-year enhancement pursuant to the provisions of Section 12022.5; infliction of great bodily injury as specified in Section 213, 264, or 461 prior to July 1, 1977, which may result in a three-year enhancement pursuant to the provisions of Section 12022.7; any prior felony conviction as specified in any statute prior to July 1, 1977, which prior felony conviction is the equivalent of a prior prison term as defined in Section 667.5, which may result in the appropriate enhancement pursuant to the provisions of Section 667.5; and any consecutive sentence.

(b) If the calculation required under subdivision (a) is less than the time to be served prior to a release date set prior to July 1, 1977, or if a release date had not been set, the Board of Prison Terms shall establish the prisoner's parole date, subject to subdivision (d), on the date calculated under subdivision (a) unless at least two of the commissioners of the Board of Prison Terms after reviewing the prisoner's file, determine that due to the number of crimes of which the prisoner was convicted, or due to the number of prior convictions suffered by the prisoner, or due to the fact that the prisoner was armed with a deadly weapon when the crime was committed, or used a deadly weapon during the commission of the crime, or inflicted or attempted to inflict great bodily injury on the victim of the crime, the prisoner should serve a term longer than that calculated in subdivision (a), in which event the prisoner shall be entitled to a hearing before a panel consisting of at least two commissioners of the Board of Prison Terms as provided for in Section 3041.5. The Board of Prison Terms shall notify each prisoner who is scheduled for such a hearing within 90 days of July 1, 1977, or within 90 days of the date the prisoner is received by or returned to the custody of the Department of Corrections, whichever is later. The hearing shall be held before October 1, 1978, or within 120 days of receipt of the prisoner, whichever is later. It is the intent of the Legislature that the hearings provided for in this subdivision shall be accomplished in the most expeditious manner possible. At the hearing the prisoner shall be entitled to be represented by legal counsel, a release date shall be set, and the prisoner shall be informed in writing of the extraordinary factors specifically

1  release him in 2005 amounts to an illegal extension of his sentence in violation of due process.
2  (*Id.*)

3  **C**

4  Petitioner's claims rely on an alleged error in state law.  A federal writ of habeas corpus
5  is not available to a state prisoner for an alleged error in the interpretation or application of state
6  law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("We have stated many times that 'federal
7  habeas corpus relief does not lie for errors of state law.'") (quoting *Lewis v. Jeffers*, 497 U.S.
8  764, 780 (1990))**;** *Gilmore v. Taylor*, 508 U.S. 333, 348-49 (1993) (O'Connor, J. concurring)
9  ("mere error of state law, one that does not rise to the level of a constitutional violation, may not
10 be corrected on federal habeas").

11 To the extent that Petitioner asserts that his constitutional due process rights have been
12 violated by the alleged extension of his sentence, this Court "cannot treat a mere error of state
13 law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state
14 court on state law would come here as a federal constitutional question." *Little v. Crawford*, 449
15 F.3d 1075, 1083 n.6 (9th Cir. 2006) (quoting *Hughes v. Heinze*, 268 F.2d 864 (9th Cir. 1959));
16 *see also Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997) (holding that a petitioner may not
17 "transform a state-law issue into a federal one merely by asserting a violation of due process,"
18 and that "alleged errors in the application of state law are not cognizable in federal habeas
19 corpus").  Because Petitioner's claim involves the interpretation of a California statute, it is

---

> considered determinative and on what basis the release date has been calculated. In fixing a term under this section the board shall be guided by, but not limited to, the term which reasonably could be imposed on a person who committed a similar offense under similar circumstances on or after July 1, 1977, and further, the board shall be guided by the following finding and declaration hereby made by the Legislature: that the necessity to protect the public from repetition of extraordinary crimes of violence against the person is the paramount consideration.

solely a question of state law, which this Court cannot reach on a petition. brought pursuant to § 2254(a).[3]

### III

**Accordingly, IT IS HEREBY ORDERED that**:

1. The application for a writ of habeas corpus is DISMISSED.

2. The Clerk of Court is DIRECTED to enter judgment in favor of the Respondent and close the case.

///

DATED: July 18, 2008

/s/ Arthur L. Alarcón
_____
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

[3] The Court also notes that § 1170.2 only applies to inmates sentenced before July 1, 1977. Petitioner was sentenced in 1984 to a term of "FIFTEEN YEARS TO LIFE, PLUS ONE YEAR PURSUANT 12022(b) AND ONE YEAR FOR SECTION 667.5(b) & 1203(e)(4) PENAL CODE FOR A TOTAL OF 17 YEARS TO LIFE." (Pet'r's. Ex. A).