IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY S. JAMESON,

    Petitioner,                            No. 1:07-CV-00078 ALA HC

    vs.

JAMES A. YATES, Warden,                     <u>ORDER</u>

    Respondent.

_____/

    The Appellate Commissioner has filed an order remanding this case to this Court "pursuant to circuit court policy" for the issuance of an order granting or denying a certificate of appealability. The Appellate Commissioner's November 11, 2008 order was not circulated to the undersigned until February 18, 2009. The Appellate Commissioner's order did not set forth the "circuit court policy" relied upon, nor the decisional or statutory authority that requires a district court to do so in an application for a writ of habeas corpus that challenges an administrative decision,

    The Ninth Circuit held in *Rosas v. Nielsen*, 428 F.3d 1229 (9th Cir. 2005) (per curiam) that a certificate of appealability is not required when a state prisoner challenges an administrative decision.

    The court reasoned as follows:

> A habeas petitioner must secure a certificate of appealability where "the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). The Ninth Circuit construed this language in *White v. Lambert*, 370 F.3d 1002 (9th Cir. 2004), to hold that a certificate of appealability "is not required when a state prisoner challenges an administrative decision regarding the execution of his sentence." *Id.* at 1010. Thus, the district court looks at who made "the detention decision complained of by the state prisoner," and administrative body or a judicial one, in determining whether a certificate of appealability is required.

*Rosas*, *Id.* at 1231.

In this matter, this Court's July 21, 2008 order dismissing the habeas corpus application states on page 2 that "[o]n October 24, 2004, Petitioner filed an application for habeas corpus in the Marin County Superior Court, after exhausting administrative appeals."

In his notice of appeal, Petitioner, acting in pro se, correctly cited *Rosas* for the principle that "administrative decisions do not require a Certificate of Appealability." (See attached Notice of Appeal).

Mindful of the Ninth Circuit's decision in *Rosas*, this Court concluded that the law is quite clear, in this Circuit at least, that a certificate of appealability is not required when a state prisoner challenges an administrative decision. To prepare an order setting forth this principle, following the filing of an appeal from an order denying an application for habeas relief under such circumstances, seems to this Court to be a mindless, needless, Kafkaesque burden – especially when district courts are being overwhelmed with state prisoner habeas corpus applications.

The Appellate Commissioner's order cites 28 U.S.C. § 2253(c)(3) and *United States v. Asrar*, 116 F.3d 1268 (9th Cir. 1997) in support of the notion that this Court must state its reasons for not issuing a certificate of appealability when a petitioner appeals from an order denying habeas relief challenging an administrative decision. As set forth above, the Ninth Circuit's decision in *Rosas* and *White* held that the requirements of § 2253(c)(1)(A) do not apply to an appeal from the denial of habeas corpus belief in an administrative proceeding. Perhaps

1 the "circuit court policy" relied upon by the Appellate Commissioner needs to be reconsidered in
2 light of the law of this Circuit set forth in *Rosas* and *White*.
3   In order to avoid further needless delay in processing Petitioner's appeal, however, the
4 Court will comply with the Appellate Commissioner's questionable order.  This court declines to
5 issue a certificate of appealability because none is required under the law of this Circuit.  The
6 Clerk is ordered to forward to the Ninth Circuit Court of Appeals the record in this matter.
7 \\\\\
8 DATED: February 19, 2009

10           /s/ Arthur L. Alarcón
             UNITED STATES CIRCUIT JUDGE
11           Sitting by Designation